**Jesse Blake TILTON, Appellant,**

v.

**Dorothy MACEJEWSKI, et vir, Appellees.**

**No. 09 86 031 CV.**

Court of Appeals of Texas, Beaumont.

Jan. 8, 1987.

J.C. Zbranek, Zbranek, Hight & Cain, P.C., Liberty, for appellant.

Warren G. Clark, Jr., Anahuac, for appellees.

## OPINION

DIES, Chief Justice.

Appellant brought this action for trespass to try title against appellees for possession of and title to a .81 acre tract of land. Appellees answered not guilty and by general denial. Appellees also alleged the affirmative defense of the ten-year statute of limitation. Appellees filed a motion for summary judgment on the sole ground that appellant had never owned the land in question, and appellant filed his response to the motion. After a hearing, the trial court granted appellees' motion for summary judgment. The judgment of the trial court awarded title to and possession of the land in dispute to the appellees. From this judgment of the trial court, appellant has perfected this appeal.

The record reveals that in 1895 Mumford Reeves and his wife, Virginia Reeves, conveyed a 5 acre tract of land to J.M. Tilton. Through various deeds, heirship affidavits, and probate proceedings, title to this tract vested in appellees. The 1895 deed described the northern boundary of this "5" acre tract as running from a certain marked pine tree to a gulley. In 1917, Virginia Reeves conveyed a tract of land to Addison Tilton. This tract was described in the 1917 deed as "32 acres of land out of the said 38 acre tract." The general description in the 1917 deed would have conveyed the whole 38 acre tract, but the description specifically excepted the "six acres now owned by J.M. Tilton located in the southeast corner [of the 38 acre tract]."

In January, 1977, Addison Tilton conveyed part of his "32" acre tract to J.B. Tilton, appellant herein. This deed described the southern boundary of the tract being conveyed as running with the northern boundary of the "5" acre tract conveyed by M. Reeves to J.M. Tilton in 1895. In August, 1978, Addison Tilton and appellee Dorothy Macejewski signed what appellees claim to be a written boundary line agreement. This agreement consists of a drawing of what appellees claim to be the boundary between their tract of land and that of Addison Tilton, and the boundary between their land and that belonging to appellant to the north. This document shows the northern boundary of appellees' land to be an "old tree line." Later in August, 1978, Addison Tilton signed a quitclaim deed by which he surrendered all right, title and interest he held in the tract of land conveyed to J.M. Tilton by Mumford and Virginia Reeves in 1895. The quitclaim deed describes the northern boundary of the tract involved as beginning from a "one-half inch iron rod marking the most Easterly Southeast corner of [Addison Tilton's] '32' acre tract and marking the Northeast corner of the J.M. Tilton '5' acre tract." The northern boundary of the J.M. Tilton tract is further described as running "North 89° 25' 20" West with the remains of an old fence a distance of 308.15 feet to a one-half inch rod set in the centerline of a gulley."

By his first point of error, appellant argues that the trial court erred in granting appellees' motion for summary judgment because appellant's senior (1977) deed describes the southern boundary of his property as the northern boundary of appellees' property (the J.M. Tilton tract). Appellant urges that the 1977 deed from Addison

Tilton to appellant conclusively shows that title to the disputed tract is in appellant, or that a genuine fact issue exists as to the real boundary between his land and that of appellees. Appellant argues that appellees' summary judgment proof was not sufficient to show that appellees had title to the land in question. Appellees argue that since appellant did not expressly present this issue to the trial court in his response to the motion for summary judgment, that it may not be raised for the first time on appeal.

We believe that to agree with appellees' argument on this point would place an unwarranted burden on the non-movant in summary judgment proceedings. We hold that appellant is now complaining on appeal that appellees' summary judgment motion was legally insufficient, which, as the non-movant, he is entitled to do. *See City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979).

The only evidence presented to the trial court as to where the boundary between the parties' tracts should be fixed is the boundary agreement between Addison Tilton and Dorothy Macejewski. Appellees' own summary judgment proof shows conclusively that Addison Tilton did not own any land north of appellees' tract at the time the boundary agreement was entered into, because he had conveyed such property to appellant in 1977. A party can not make a binding boundary agreement as to the boundary of property which he does not own. *See Gulf Oil Corporation v. Marathon Oil Co.,* 137 Tex. 59, 152 S.W.2d 711, 724 (1941). Therefore, the boundary agreement between Addison Tilton and Dorothy Macejewski is not binding on appellant as a matter of law. Since there is no summary judgment evidence as to the location of the boundary between the tracts of the parties, the trial court erred in granting appellees' motion for summary judgment. Therefore, appellant's first point of error is sustained.

The judgment of the trial court is reversed and the cause remanded for trial on the merits.

Reversed and Remanded.